IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3152 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| SALLY UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Tyrell Knight, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he has been involuntarily subjected to administration of psychotropic drugs and that the medication (Risperdal) has damaging side effects. The plaintiff alleges violations of the Eighth Amendment to the U.S. Constitution and the Due Process Clause of the Fourteenth Amendment.

**PLRA**

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages. Also the plaintiff alleges that Risperdal has injurious side effects. If so, the requirement of physical injury may be satisfied.

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide (one of each for each defendant in his or her individual capacity and one of each for all defendants jointly in their official capacity), for a total of SEVEN summons and USM-285 forms.

2. The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing one summons and 285 form for service of process on all of the defendants, jointly, in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

4. The other six summons and USM-285 forms are to be used for service of process on the defendants in their *individual* capacity (one per form) at an address, such as home or present place of employment, wherever the defendant can personally be found and will accept service of process personally or through a person authorized to receive a summons on his or her behalf.

5. Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint on the plaintiff's behalf. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, that deadline has passed as a result of actions taken by the plaintiff. At this point, the plaintiff is granted an extension of 30 days from the date of this Order to return his completed forms for service of process to the Clerk of Court, and the U.S. Marshal shall serve the defendants within 30 days thereafter. Failure to return the forms for service of process on a defendant within the 30-day deadline stated

herein may result in dismissal of this matter without further notice as to such defendant.

7.   If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8.   After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other communication to the court.  Parties usually serve copies of documents on other parties by first class mail.

9.   The plaintiff shall include with each document or other communication submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such instrument was mailed to the defendants or to the attorney of any represented defendant.  **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

10.   A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

11.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12.   The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

13.   IMPORTANT NOTE:  **Any communication filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 26th day of March, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint.  If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for the party to be served.  The U.S. Marshal and the court will not fill in a defendant's address on the forms for service of process.

7. Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

8. Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

9. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

10. Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.

11. Please try not to send back empty or partially blank forms.  Call up or write a letter with your case number handy, so the court can provide free procedural information (although never legal advice).

4